**Oriental Crystal (Holdings) Ltd.,**
Plaintiff/Appellee,
v.
**Lone Star Casino Corporation (CNMI)**
And Lone Star Casino Corporation,
Defendants/Appellants.
Appeal No. 97-003
Civil Action No. 96-0173C
November 18, 1997

Argued and Submitted on October 1, 1997

Counsel for Appellants: William M. Fitzgerald, Saipan.

Counsel for Appellee: Anthony Long, Saipan.

BEFORE: TAYLOR, Chief Justice, VILLAGOMEZ and ATALIG, Justices.

VILLAGOMEZ, Justice:

¶1 Lone Star Casino Corporation ("Lone Star") appeals a decision of the Superior Court which denied its motion to set aside a default judgment entered against it. A default judgment which has also been entered against the other defendant, Lone Star Casino Corporation (CNMI) ("Lone Star (CNMI)"), has not been set aside or appealed.

### I.

¶2 Lone Star raises the issue of whether the Superior Court lacked personal jurisdiction over it because of a defective service pursuant to 7 CMC § 1104(a), and therefore erred in denying the motion to set aside the default judgment.

¶3 ■ During oral arguments, the court raised the issue

of whether this appeal is moot.[1] The parties have filed their supplemental briefs on this issue. We conclude that this issue is moot and therefore we lack jurisdiction.

## II.

¶4 Lone Star (CNMI), obtained a casino license from the Tinian Casino Gaming Control Commission ("Commission") in January 1995. Lone Star (CNMI) is a CNMI corporation and a wholly owned subsidiary corporation of Lone Star, a Delaware corporation. During this same period, Oriental Crystal (Holding) Ltd. ("Oriental") was also interested in investing in casino operations on Tinian. On May 5, 1995, Lone Star and Oriental signed an agreement which provided that Oriental would not directly or indirectly compete with Lone Star within a two-hundred mile radius of Tinian for three years. In May 1995, Lone Star (CNMI) commenced its casino operation on Tinian on a small scale. It had intended to build a sizable casino hotel in the near future. However, in December 1995, it discontinued its casino operations.

¶5 In January 1996, Oriental informed Lone Star that their agreement was no longer binding since Lone Star (CNMI) had discontinued its casino operations on Tinian. Lone Star responded that their agreement was enforceable and would take Oriental to court if it violated their agreement.

¶6 On February 8, 1996, Oriental filed this action seeking declaratory relief and contending that the agreement was void and unenforceable. On February 29, 1996, Oriental obtained a court order allowing it to serve Lone Star by certified mail pursuant to 7 CMC § 1104. Oriental served Lone Star with the summons and complaint via certified mail on March 22, 1996.

¶7 On June 7, 1996, Lone Star's (CNMI) casino license was terminated by the Commission for (1) failure to open its larger casino facilities on December 31, 1995; (2) failure to make full payment of its 1995 casino license fee; (3) failure to pay its 1996 casino license fee; (4) selling off its Tinian casino assets; (5) failure to pay CNMI tax obligations; (6) failure to pay CNMI agencies of its financial obligations; (7) failure to pay numerous CNMI vendors; (8) failure to maintain an office on Tinian; and (9) termination of its lease agreement on the premises of the casino site.

¶8 On June 12, 1996, the Superior Court entered a default judgment against Lone Star. Lone Star moved to set aside the default judgment on November 6, 1996, but it was denied on January 8, 1997. Appellants timely appealed.

## III.

¶9 Oriental filed this action in February 1996, asking the court to declare that the agreement it entered into with Lone Star is void and unenforceable. One of the reasons given is that Lone Star (CNMI) no longer engaged in any casino operation on Tinian. At the time this case was filed, Lone Star (CNMI) had a valid casino license which authorized it to reopen its casino operations at any time.

¶10 However, on June 7, 1996, the Commission terminated the license. Consequently, Lone Star (CNMI) no longer had the authority to operate a casino on Tinian. As a result, Oriental cannot compete with either Lone Star (CNMI) or Lone Star because neither of the two can operate a casino on Tinian. The court notes that Lone Star itself has never held any casino license on Tinian.

¶11 ▪ If the court were to dwell on the issue of enforceability of the agreement, then it would be giving an opinion on a moot[2] question or abstract proposition, or declaring principles or rules of law which cannot affect the matter at issue in this case. *In re Seman*, 3 N.M.I. 57, 64 (1992) (citations omitted). The duty of the court is to "decide actual controversies by a judgment which can be carried into effect." *Id.* Here, even if Lone Star were to proceed to trial, as a matter of law, it has no basis to enforce the agreement or compete with Oriental, after June 7, 1996. An action to enjoin a competition is moot when such a competition is no longer possible.

¶12 In *Govendo v. Micronesian Garment Mfg., Inc.*, 2 N.M.I. 270 (1991)., we found mootness because the construction sought to be enjoined had been completed. In *Seman*, we found mootness because Seman had been released from the hospital before the case, seeking her release, came to us. However, in both cases we found a public concern exception to the rule precluding consideration of the moot claims. We found that such claims were likely to recur, and if they did, would become moot before they could be determined on appeal.

¶13 Here, we find mootness because the ability of Lone Star to compete with Oriental has been terminated. In addition, the issue here does not involve a public concern, only a private concern, which is unlikely to recur.

For the above reasons, we hereby **DISMISS** this appeal for mootness and lack of jurisdiction.

---

[1] An appellate court may raise *sua sponte* the issue of mootness. *Govendo v. Micronesian Garment Mfg. Inc.*, 2 N.M.I. 270, 281 (1991).

[2] " A case is 'moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy. A question is 'moot' when it presents no actual controversy or where the issues have ceased to exist. Generally, an action is considered 'moot' when it no longer presents a justiciable controversy because issues involved have become academic or dead." BLACK'S LAW DICTIONARY, 1008 (6th ed. 1990).